IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MACI FOLEY, On Behalf of Herself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 5:24-cv-1356 |
| LUCY COOPER'S, LLC (a/k/a Lucy Cooper's Texas Ice House, | § § § | FLSA COLLECTIVE ACTION |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Maci Foley ("Plaintiff") files this Original Complaint against Lucy Cooper's, LLC (a/k/a Lucy Cooper's Texas Ice House) ("Defendant"), showing in support as follows:

## I.   NATURE OF THE CASE

1.   This is a civil action brought by Plaintiff, on behalf of herself and all others similarly situated, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA"). Plaintiff asserts individual and collective action FLSA claims against Defendant for minimum wage and tip payment violations. Plaintiff also asserts individual FLSA unpaid overtime wage claims and minimum wage claims relative to off-the-clock work training Defendant's employees. Finally, Plaintiff asserts individual FLSA retaliation claims against Defendant.

2.   At times relevant, Plaintiff was employed by Defendant at its bar/restaurant in San Antonio, Texas as a tipped employee. At times relevant, Defendant purported to pay Plaintiff $2.13 per hour on a tip credit basis.

3.   Defendant kept tips that were earned by Plaintiff and the putative collective action members to cover cash register shortages, amounts for meals and/or beverages that should have

*Plaintiff's Original Complaint – Page* 1

been paid by customers, full menu price amounts for employee meals, and amounts for work uniforms. Defendant also required Plaintiff and some putative collective action members to acquire and pay for food handling and/or Texas Alcoholic Beverage Commission certifications and/or licenses.

4. Defendant's practices of keeping tips earned by tipped and/or tip credit paid employees and requiring tip credit paid employees to pay for certifications and/or licenses resulted in violations of the FLSA's tip payment provision and/or minimum wage provision as to Plaintiff and the putative collective action members.

5. Defendant required Plaintiff to train new employees. However, Defendant typically did not pay Plaintiff any wages for time she worked training new employees. As Defendant purported to pay Plaintiff $2.13 per hour on a tip credit basis, that unpaid off-the-clock time results in a violation of the FLSA's minimum wage provision. Additionally, for workweeks in which Plaintiff worked more than 40 hours, that unpaid off-the-clock time results in a violation of the FLSA's unpaid overtime wage provision.

6. Plaintiff complained to Defendant about Defendant keeping some of the tips Plaintiff had earned. Defendant terminated Plaintiff's employment on or about July 27, 2024 because Plaintiff complained about unpaid tips. Defendant's termination of Plaintiff's employment violates the FLSA's anti-retaliation provision.

7. Plaintiff, on behalf of herself and all others similarly situated, seeks all damages available pursuant to the FLSA, including unpaid minimum wages, unlawfully kept tips, tip credit amounts, liquidated damages, reasonable legal fees, costs, and post-judgment interest. Relative to her individual overtime wage, minimum wage, and retaliation claims, Plaintiff seeks all damages available pursuant to the FLSA, including unpaid overtime wages, unpaid minimum wages,

retaliation lost wages, liquidated damages, mental anguish damages (retaliation claims only), reasonable legal fees, costs, and post-judgment interest.

## II.   THE PARTIES, JURISDICTION, AND VENUE

### A.   **Plaintiff Maci Foley**

8. Plaintiff is a natural person. Plaintiff is a resident of Bexar County, Texas.

9. Plaintiff performed the work for Defendant made the subject matter of this lawsuit in Bexar County, Texas.

### B.   **Putative Collective Action Members**

10. The Putative Collective Action Members are all current and/or former tipped and/or tip credit paid employees of Defendant, within the FLSA's maximum limitations period, who are similarly situated to Plaintiff.

### C.   **Defendant Lucy Cooper's, LLC (a/k/a Lucy Cooper's Texas Ice House)**

11. Defendant is a domestic for-profit limited liability company.

12. Defendant's principal place of business is 12827 Gypsophila, San Antonio, Texas 78253.

13. Defendant is registered with the Texas Secretary of State to transact business in Texas.

14. In 2021, 2022, 2023, and 2024 Defendant was an "enterprise engaged in commerce" as that phrase is used in connection with the FLSA.

15. In 2021, 2022, 2023, and 2024, Defendant employed two or more employees.

16. In 2021, 2022, 2023, and 2024, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, and/or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. Examples of

such goods and/or materials include beverages, food, payment processing equipment, televisions, computers, computer accessories, and phones.

17. On information and belief, Defendant had annual gross sales or business volume in excess of $500,000 during 2021, 2022, 2023, and 2024.

18. Defendant may be served with summons and a copy of this document through its registered agent, Kherkher Law Firm, PLLC, 5909 West Loop South, Suite 525, Bellaire, Texas 77401.

**D.      Jurisdiction and Venue**

19. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

20. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

21. Jurisdiction and venue are proper in this Court because Defendant's principal place of business is in Bexar County, Texas.

### III.     FACTUAL BACKGROUND

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23. Plaintiff was employed by Defendant from approximately November 2022 to July 27, 2024.

24. Plaintiff primarily worked for Defendant at its bar and restaurant at 16080 San Pedro Avenue, San Antonio, Texas 78232.

25. Plaintiff's job position with Defendant varied, and included server, bartender, and manager.

26. Plaintiff customarily and regularly received more than $30 per month in tips as an employee of Defendant.

27. When employed as a server and bartender, Defendant paid Plaintiff on a tip credit basis, with Defendant purporting to pay Plaintiff $2.13 per workweek hour worked.

28. Defendant did not pay Plaintiff for all hours worked. During some seven-day workweeks, Defendant required Plaintiff to train new employees. Such training typically occurred off-the-clock after Plaintiff completed her shift. Defendant did not pay Plaintiff for time worked training new employees. Defendant did not make or keep an accurate record of Plaintiff's time worked training Defendant's employees. As Defendant purported to pay Plaintiff $2.13 per hour on a tip credit basis, that unpaid employee training time results in a violation of the FLSA's minimum wage provisions.

29. During some seven-day workweeks, Plaintiff worked in excess of 40 hours. For workweeks in which Plaintiff worked in excess of 40 hours and was not paid for off-the-clock time spent training Defendant's new employees, Plaintiff was not paid time and one-half her regular rate of pay for all such hours worked over 40.

30. On or about June 29, 2024 and July 4, 2024, Plaintiff complained to Defendant's general manager, Bradley Causey, about her belief that Defendant kept some of the tips Plaintiff had earned. Shortly before those complaints to Mr. Causey, Plaintiff complained to a co-worker named Hayden Ensley, who is the daughter of an owner of Defendant named Braunda Smith, about Defendant keeping tips she believed she had earned. Defendant terminated Plaintiff's employment on July 27, 2024 because Plaintiff complained about tips she believed she had earned that were kept by Defendant.

31. Plaintiff worked with numerous other employees of Defendant who, like Plaintiff, were paid on a tip credit basis by Defendant and earned tips.

32. Defendant kept tips that were earned by tipped and tip credit paid employees, including Plaintiff, to cover cash register shortages.

33. Defendant kept tips that were earned by tipped and tip credit paid employees, including Plaintiff, if they did not get a credit card on file for a customer or group of customers prior to serving them. The amount owed by such customers was generally taken by Defendant from a tipped employee's tips.

34. When tipped and tip credit paid employees, including Plaintiff, ate a meal provided by Defendant when working a shift, Defendant deducted the full menu price, as opposed to the reasonable cost of those meals, from the employee's earned tips.

35. Defendant required tipped and tip credit paid employees, including Plaintiff, to purchase Lucy Cooper Ice House t-shirts and/or long sleeve shirts to wear while working shifts as a uniform. Such purchases were typically deducted from such employee's tips. The typical price for each such shirt was approximately $15.

36. Defendant required many tipped and tip credit paid employees, including Plaintiff, to have certain certifications and/or licenses to work for Defendant, and required the employees to pay for the costs associated with obtaining those certifications and/or licenses. For example, Defendant required Plaintiff to pay for and obtain a Texas Alcoholic Beverage Commission ("TABC") certification/license and a food handler certification/license.

### IV. CONTROLLING LEGAL RULES

37. The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at … not less than … $7.25 an hour." 29 U.S.C. § 206(a)(1)(C).

38. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

39. The FLSA requires wage payments to employees to be "free and clear." *See* 29 C.F.R. § 531.35 ("Whether in cash or in facilities, wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or free and clear. The wage requirements of the [FLSA] will not be met where the employee kicks-back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the kick-back is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the [FLSA] in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the [FLSA]." (quotations omitted)).

40. A "tipped employee" is any employee engaged in an occupation in which he customarily and regularly receives more than $30 per month in tips. 29 U.S.C. § 203(t). An employer may take a tip credit toward the minimum wage obligation of up to $5.12 per hour of an employee's tips if the employer fulfills the requirements specified by the [FLSA]. *See* 29 U.S.C.

§ 203(m)(2). An employer may only take advantage of this tip credit where it has provided notice of its obligations under the tip credit provision and where the tipped employee retains all tips earned. *See* 29 U.S.C. § 203(m)(2)(A)(ii). "[E]mployers bear the burden of proving that they are entitled to taking tip credits." *Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008). The FLSA tip credit provisions "shall not apply with respect to any tipped employee *unless* such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee [other than for valid tip pooling]. *Id*. at 807 (emphasis in original). Even if an employer provides tip credit notice that, standing alone, would satisfy 29 U.S.C. § 203(m)'s notice requirement, the notice fails if the employer also gives instructions that directly contravene the requirements of 29 U.S.C. § 203(m). *See, e.g., Wright v. U-Let-Us Skycap Services, Inc.*, No. CV 83-K-1374, 2010 WL 11545440, at *3 (D. Colo. July 25, 1985). ("Because the tip agreements contravene the statute, they can not constitute notice to the employees of the provisions which they contravene.").

41. "An employer will not be permitted to take a tip credit where its tipped employees kick-back, either directly or indirectly, to the employer for anything other than 'the reasonable cost' of furnishing an employee with 'board, lodging, or other facilities,' . . . ." *Brixey v. McAdoo's Seafood Co.*, LLC, No. SA-23-CV-00232-DAE, 2024 WL 57011, at *1 (W.D. Tex. Jan. 2, 2024) (quoting 29 U.S.C. § 203(m)(1); 29 C.F.R. § 531.35). "Requiring an employee to pay for cash shortages and walked tabs 'is illegal to the extent that it reduce[s] an employee's wage below the statutory minimum.'" *Lopez v. Fun Eats & Drinks, LLC*, No. 3:18-CV-1091-X, 2021 WL 3502361, at *7 (N.D. Tex. July 16, 2021), *report and recommendation adopted*, No. 3:18-CV-1091-X, 2021 WL 3493496 (N.D. Tex. Aug. 9, 2021) (citing *Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196, 1198-99 (5th Cir. 1972)). *See also*, *Bernal.*, 579 F. Supp. 2d at 810

("To the extent Plaintiffs were not permitted to retain their tips to pay for shortages and unpaid tabs, Defendants disqualified themselves from taking advantage of the FLSA tip credit provisions.").

42. "Meals fall under [the category of board, lodging, or other facilities] since they are 'always regarded as primarily for the benefit and convenience of the employee.'" *Lopez*, 2021 WL 3502361, at *8 (citing *Nail v. Shipp*, No. CV 17-00195-KD-B, 2019 WL 3719397, at *8 (S.D. Ala. Aug. 6, 2019). "The reasonable cost of meals has been 'determined to be not more than the actual cost to the employer' and 'does not include a profit.'" *Id.* (citing 29 C.F.R. § 531.3(a)-(b).) "When meals are furnished to the employee at a profit, the deductions ... are considered to be illegal only to the extent that the profit reduces the wage … below the required minimum wage." *Id.* (citing 29 C.F.R. § 531.36(a)) (brackets omitted). "The burden of proving that a deduction from wages represents the reasonable cost of the meals furnished is on the employer." *Id*. (citing *Herman v. Collis Foods, Inc.*, 176 F.3d 912, 920 (6th Cir. 1999)).

43. Employers may not require employees to pay for uniforms, whether deducted from their pay or paid separately by the employee, if the cost for those uniforms puts the employee below the FLSA minimum wage rate in any workweek. *See Lopez*, 2021 WL 3502361, at *7 (requiring tip credit paid restaurant employees to purchase National Football League jerseys to wear at work violated the FLSA).

44. TABC and food handler professional licenses/certificates primarily benefit the employer, not the employee. *See Sharif v. Perry's Restaurants Ltd*, No. 1:21-CV-01060-RP, 2023 WL 3594183, at *6 (W.D. Tex. May 22, 2023), *report and recommendation adopted sub nom. Sharif v. Perry's Restaurants Ltd.*, No. 1:21-CV-1060-RP, 2024 WL 23185 (W.D. Tex. Jan. 2, 2024), *decision clarified on reconsideration sub nom. Sharif v. Perry's Restaurants Ltd*, No. 1:21-

CV-01060-RP-SH, 2024 WL 697070 (W.D. Tex. Feb. 20, 2024) (Finding FLSA minimum wage violation where employer required employees, who were paid on a tip credit basis, to pay for TABC and food handler licenses).

45. The FLSA states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

46. The FLSA provides that "[a]ny employer who violates [29 U.S.C. § 203(m)(2)(B)] shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Furthermore, an award of reasonable attorney's fees and costs shall be awarded to a prevailing plaintiff under the FLSA. *Id.*

47. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Among other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

48. With respect to tip credit paid employees, employers are required to maintain records showing certain data, including a symbol, letter or other notation placed on the pay records identifying each employee whose wage is determined in part by tips, weekly or monthly amount reported by the employee, to the employer, of tips received, amount by which the wages of each

tipped employee have been deemed to be increased by tips as determined by the employer (not in excess of the difference between $2.13 and the applicable minimum wage specified in [29 U.S.C. § 206(a)(1)(C)]), hours worked each workday in any occupation in which the employee does not receive tips, and total daily or weekly straight-time payment made by the employer for such hours, hours worked each workday in occupations in which the employee receives tips, and total daily or weekly straight-time earnings for such hours. *See* 29 C.F.R. § 516.28.

49. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that [s]he was working." *Mack v. Avara Community Health Services, Inc.,* No. 3:13-CV-1976-P, 2016 WL 4801306, at *2 (N.D. Tex. Feb. 5, 2016) (citing *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995)). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

50. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton*, 47 F.3d at 748.

51. "Any employer who violates the provisions of [29 U.S.C. § 206 and/or 29 U.S.C. § 207] … shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. … The court in such action shall, in addition to any judgment

awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the employer, and costs of the action." 29 U.S.C. § 216(b).

52. "It is unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]. 29 U.S.C. § 215(a)(3).

53. Any employer who violates the provisions of [29 U.S.C. § 215(a)(3)] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of [29 U.S.C. § 215(a)(3)], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## V. FLSA CLAIMS

54. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

55. Defendant is an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

56. In 2021, 2022, 2023, and 2024, Defendant is and/or was an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

57. In 2021, 2022, 2023, and 2024, Defendant is and/or was an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

58. Plaintiff was an employee of Defendant in 2022, 2023, and 2024 pursuant to the FLSA. 29 U.S.C. § 203(e).

59. Plaintiff was a covered employee under 29 U.S.C. § 203(m)(2), 29 U.S.C. § 206(a)(1), and 29 U.S.C. § 207(a)(1) relative to her claims in this lawsuit.

60. Defendant retained tips that were earned by Plaintiff when she was a tipped employee and/or paid on a tip credit basis, including amounts to cover cash register shortages, amounts for meals and/or beverages that should have been paid by customers, full menu price amounts for Plaintiff's meals, and amounts for work uniforms. Retaining tips for those amounts resulted in Defendant violating the FLSA's minimum wage provision and/or tip payment provision. 29 U.S.C. § 203(m)(2) and 29 U.S.C. § 206(a)(1).

61. Defendant required Plaintiff to acquire and pay for food handing and/or TABC certifications and/or licenses when she was paid on a tip credit basis. That resulted in a violation of the FLSA's minimum wage provision and/or tip payment provision. 29 U.S.C. § 203(m)(2) and 29 U.S.C. § 206(a)(1).

62. Defendant did not pay Plaintiff for time it required her to work training Defendant's new employees. That unpaid time results in violations of the FLSA's minimum wage provision. 29 U.S.C. § 206(a)(1). For workweeks in which Plaintiff worked in excess of 40 hours and performed unpaid work training Defendant's new employees, that unpaid time results in violations of the FLSA's overtime wage provision. 29 U.S.C. § 207(a)(1).

63. Defendant terminated Plaintiff's employment because she complained about Defendant keeping tips earned by Plaintiff. Defendant's termination of Plaintiff's employment violates the FLSA's anti-retaliation provision. 29 U.S.C. § 215(a)(3).

64. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members, as tip-credit paid employees, were not paid at least the FLSA minimum

hourly wage for each hour worked per seven-day workweek due to improper deductions and/or kick-backs. Furthermore, Defendant knew it improperly kept tips earned by Plaintiff and the putative collective action members. Defendant was also aware that Plaintiff was not paid time and one-half her regular rate of pay for all hours worked over 40 per seven-day workweek. Defendant also failed to keep an accurate record of Plaintiff's daily and weekly hours worked for Defendant. An employer's "failure to keep accurate or complete records of employment" is evidence of a willful FLSA violation. *Bingham v. Jefferson County, Tex.*, 1:11-CV-48, 2013 WL 1312563, at *14 (E.D. Tex. Mar. 1, 2013), *report and recommendation adopted as modified,* 1:11-CV-48, 2013 WL 1312014 (E.D. Tex. Mar. 27, 2013). *See also, Solano v. Ali Baba Mediterranean Grill, Inc.*, 3:15-CV-0555-G, 2016 WL 808815, at *5 (N.D. Tex. Mar. 2, 2016) (same).

## VI.    FLSA COLLECTIVE ACTION

65.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

66.    Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former tipped and/or tip credit paid employees of Defendant, within the FLSA's maximum limitations period, who are similarly situated to Plaintiff.

67.    The Putative Collective Action Members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

68.    The Putative Collective Action Members are and/or were covered employees of Defendant under 29 U.S.C. § 203(m)(2) and 29 U.S.C. § 206(a)(1).

69.    Defendant retained tips that were earned by the Putative Collective Action Members, including amounts to cover cash register shortages, amounts for meals and/or beverages that should have been paid by customers, full menu price amounts for employee meals, and/or

amounts for work uniforms. Retaining tips for those amounts resulted in Defendant violating the FLSA's minimum wage provision and/or tip payment provision. 29 U.S.C. § 203(m)(2) and 29 U.S.C. § 206(a)(1).

70. Defendant required some of the Putative Collective Action Members to acquire and pay for food handing and/or TABC certifications and/or licenses when they were paid on a tip credit basis. That resulted in a violation of the FLSA's minimum wage provision and/or tip payment provision. 29 U.S.C. § 203(m)(2) and 29 U.S.C. § 206(a)(1).

71. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any motion for collective action certification or other filing.

## VII. DAMAGES AND PRAYER

72. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff, on behalf of herself and all others similarly situated, be awarded judgment(s) against Defendant and/or order(s) from the Court for the following:

a. Certification of a FLSA collective action and notice to the putative collective action members,

b. All actual damages, statutory damages, and other damages allowed by the FLSA,

c. Reasonable legal fees,

d. Costs,

e. Post-judgment interest, and/or

f. All other relief to which Plaintiff and the collective action members are justly entitled.

Date: November 25, 2024.

Respectfully submitted,

By:    <u>s/ Allen R. Vaught</u>
       Allen R. Vaught
       Attorney-In-Charge
       TX Bar No. 24004966
       Vaught Firm, LLC
       1910 Pacific Ave., Suite 9150
       Dallas, Texas 75201
       (972) 707-7816 – Telephone
       (972) 591-4564 – Facsimile
       avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF